UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA EPES,<br><br>    Plaintiff,<br><br>  v.<br><br>WALMART, a business organization of unknown status; DORISMAR CERVANTES; and DOES 1-500, inclusive,<br><br>    Defendants. | No. 2:25-cv-02982-JAM-JDP<br><br>**ORDER DENYING MOTION TO REMAND** |

   Plaintiff Fatima Epes, who alleges she slipped and fell at a Walmart store in 2023, initially brought this personal injury action in the Solano County Superior Court on June 25, 2025. Defendant Walmart Inc. ("Walmart") removed this action under diversity jurisdiction on October 15, 2025, arguing that the $75,000 amount in controversy was satisfied and that the Parties were diverse as Plaintiff had fraudulently joined Defendant Dorismar Cervantes, the sole California defendant.  Plaintiff now moves to remand this case, arguing that she has a viable negligence claim against Cervantes such that her joinder is not fraudulent.

1

For the reasons discussed below, the Court finds that Plaintiff cannot plausibly allege any negligence claim against Cervantes.  Thus, the Court finds that Cervantes is a sham defendant and denies Plaintiff's Motion to Remand.

### I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff alleges that she slipped and fell due to a "dangerous and unsafe condition" in a Walmart store located in Suisun City, California, on November 24, 2023, sustaining "serious injuries."  Compl. ¶¶ 1-10, ECF No. 1-1.  Plaintiff brought a sole claim for negligence against Defendants Walmart, the alleged business owner; Cervantes, the alleged store "manager[] or person[] responsible for the [store's] maintenance, design, and safety protocols"; and Does 1-500 in the Solano County Superior Court on June 25, 2025.  Id.  Walmart removed this action to federal court on October 15, 2025, based on diversity jurisdiction, arguing the amount in controversy exceeds $75,000 as Plaintiff seeks $600,000 in damages, and the Parties are diverse because Cervantes, the sole resident of California, is a sham defendant.  Notice Removal ¶¶ 1, 9-31, ECF No. 1.

Plaintiff filed a Motion to Remand (ECF No. 5) on November 4, 2025, contesting Walmart's assertion that the Parties are diverse, and seeking attorney's fees under 28 U.S.C. § 1447(c).  Walmart filed an Opposition (ECF No. 14), and Plaintiff filed a Reply (ECF No. 17).  The matter was submitted without oral argument pursuant to Local Rule 230(g).  ECF No. 15.

### II. LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241,

1  1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Generally,
2  courts "strictly construe the removal statute against removal
3  jurisdiction." Acad. of Country Music v. Cont'l Cas. Co., 991
4  F.3d 1059, 1068 (9th Cir. 2021).  The party asserting federal
5  subject matter jurisdiction bears the burden of establishing its
6  existence.  Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d
7  1115, 1122 (9th Cir. 2010).
8     A case may be removed to federal court if that court would
9  have jurisdiction over the matter.  See 28 U.S.C. § 1441; Hunter
10 v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).
11 Subject matter jurisdiction exists in civil cases involving a
12 federal question or diversity of citizenship.  28 U.S.C. §§ 1331,
13 1332.  To support diversity jurisdiction, the amount in
14 controversy in the case must exceed $75,000, 28 U.S.C. § 1332(a),
15 and there must be complete diversity between the parties, meaning
16 that "each plaintiff must be diverse from each defendant." Lee
17 v. Am. Nat. Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001).
18 However, "[i]n determining whether there is complete diversity,
19 district courts may disregard the citizenship of a non-diverse
20 defendant who has been fraudulently joined." GranCare, LLC v.
21 Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018).

**III. OPINION**

23    Plaintiff does not dispute that the amount in controversy
24 exceeds $75,000.  See generally Mot. Remand, ECF No. 5.  Thus,
25 the sole issue before the Court is whether the Parties are
26 diverse.
27    Walmart argues that the diversity requirement is met here
28 because Plaintiff is a citizen of California; Walmart is a

3

citizen of Delaware and Arkansas; the citizenship of Does 1-500 is disregarded for removal purposes; and Cervantes, the sole Defendant domiciled in California, is a sham defendant. Notice Removal ¶¶ 9-23. Walmart argues that Cervantes was employed at the Suisun City store on the date of the alleged incident as an Asset Protection Associate charged with preventing Walmart's merchandise from being stolen. Id. ¶ 18; see also Opp'n at 2, ECF No. 14. Thus, Walmart argues Cervantes was not a management-level employee who controlled, operated, or owned the store premises. Notice Removal ¶ 18. Walmart also argues Cervantes was not alleged to have personally caused, created, or contributed to the alleged dangerous condition on the date of the incident. Id. Based on these facts, Walmart argues Cervantes cannot be liable to Plaintiff for negligence, making her a sham defendant. Id. ¶¶ 18-19.

The Court agrees. Under the doctrine of "fraudulent joinder" or "sham defendant," a federal court may ignore a non-diverse defendant's citizenship if either of two standards are met: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." See Grancare, 889 F.3d at 548 (quoting Hunter, 582 F.3d at 1044).

Walmart challenges the joinder of Cervantes on the second basis. See Notice Removal ¶¶ 14-19; Opp'n at 4-8. Under this standard, Walmart must show that Cervantes cannot be liable under any theory. Grancare, 889 F.3d at 548. This is a heavy burden, as there is a general presumption against finding fraudulent joinder. Id. "[I]f there is a possibility that a state court

4

1   would find that the complaint states a cause of action against
2   any of the resident defendants, the federal court must find that
3   the joinder was proper and remand the case to the state court."
4   Id. (quoting Hunter, 582 F.3d at 1046).  In making this inquiry,
5   courts may consider summary judgment-type evidence such as
6   affidavits and deposition testimony.  See Morris v. Princess
7   Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (citation
8   omitted); see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313,
9   1318 (9th Cir. 1998) (explaining that where fraudulent joinder is
10  at issue, a district court may look beyond the pleadings because
11  a defendant must have the opportunity to show that the
12  individuals joined in the action cannot be liable on any theory).
13       The Court finds that Walmart has met the heavy burden to
14  show fraudulent joinder here.  Plaintiff alleges Cervantes was
15  negligent because Cervantes was the store manager or person
16  responsible for the "maintenance, design, and safety protocols"
17  of the Walmart store where Plaintiff slipped and fell.  Compl.
18  ¶¶ 2, 5.  To state this negligence claim, Plaintiff must allege:
19  (1) Cervantes owed Plaintiff a duty of care; (2) Cervantes
20  breached that duty; and (3) the breach proximately caused
21  Plaintiff's damages or injuries.  Lueras v. BAC Home Loans
22  Servicing, LP, 221 Cal. App. 4th 49, 62 (2013).  The existence of
23  a duty of care is a prerequisite to establish a claim for
24  negligence.  Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal.
25  App. 3d 1089, 1096 (1991).
26       In general, "a defendant owes a duty of care to all persons
27  who are foreseeably endangered by his [or her] conduct, with
28  respect to all risks which make the conduct unreasonable."

5

Rotolo v. San Jose Sports & Entm't, LLC, 151 Cal. App. 4th 307, 325 (2007) (alteration in original) (quoting Tarasoff v. Regents of Univ. of Cal., 17 Cal. 3d 425, 434-35 (1976))). However, a person who has not created a peril cannot be held liable merely for failing to assist or protect another. Id. While "the general rule of nonliability is that no one is required to save another from a danger which is not of his making, courts have recognized exceptions to this rule where there is a special relationship between the parties, giving rise to a duty to act." Id. (internal citation and quotation marks omitted). "A defendant who is found to have a 'special relationship' with another may owe an affirmative duty to protect the other person from foreseeable harm, or to come to the aid of another in the face of ongoing harm or medical emergency." Id.

Plaintiff does not allege or offer any evidence that Cervantes created the dangerous condition that caused her fall. See Compl. ¶¶ 1-10; Mot. Remand at 3-6; Reply at 1-6, ECF No. 17. Rather, Plaintiff appears to argue that Cervantes, as a Walmart employee, may have owed a duty to Plaintiff, as a customer, to detect, report, and/or correct the dangerous condition in the store which caused Plaintiff's fall. See Reply at 1-6.

In California, courts have recognized that a store owner owes a duty to its patrons to "exercise reasonable care in keeping the premises reasonably safe." Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205 (2001). California courts have similarly recognized that a store manager may owe a duty of care to protect the store's customers from harm. See Dillon v. Wallace, 148 Cal. App. 2d 447, 455 (1957). Here, however, Cervantes was neither

1 | the store owner nor the store manager at the time of Plaintiff's
2 | alleged slip-and-fall.  Notice Removal ¶ 18; Ramos Decl. ¶¶ 2-5,
3 | ECF No. 14-1.  Rather, she was an Asset Protection Associate
4 | tasked with detecting and preventing theft.  Ramos Decl. ¶ 5.
5 | Plaintiff does not point to, nor has the Court found, any
6 | recognized special relationship between a non-managerial store
7 | employee and a store's customers giving rise to a duty to protect
8 | them from harm.  Given that Plaintiff has failed to plausibly
9 | allege Cervantes either created the dangerous condition which
10 | caused Plaintiff harm or occupied a managerial position which
11 | required protecting Plaintiff from harm, the Court finds that
12 | Cervantes did not owe Plaintiff a duty of care.  Thus, the Court
13 | holds that Cervantes is a sham defendant as Plaintiff is unable
14 | to state a viable negligence claim against her.
15 |     In the alternative, Plaintiff argues that the Court should
16 | grant remand because "even if Ms. Cervantes is eventually
17 | dismissed from this action, once plaintiff discovers the names of
18 | the store manager and/or assistant manager, they will be added to
19 | the action and again, there will not be 'complete diversity.'"
20 | Reply at 2.  The Court disagrees.  There is no guarantee that, if
21 | Plaintiff joins the store manager to this action, that individual
22 | will be a California resident.  Further, the law is clear that
23 | courts must disregard the citizenship of Doe defendants when
24 | contemplating diversity.  See Rojas v. Sea World Parks & Entm't,
25 | Inc., 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("[T]he
26 | citizenship of doe defendants, regardless of the detail or
27 | specificity with which it is alleged, must be disregarded when
28 | determining whether complete diversity exists on a motion to

1  remand."). Thus, the possibility that Plaintiff may join the
2  store manger in future does nothing to change this Court's remand
3  analysis.
4      Finally, the Court denies Plaintiff's request for attorney's
5  fees. While 28 U.S.C. § 1447(c) permits a Court to award
6  attorney's fees when remanding a case, for the reasons discussed
7  above, the Court finds that remand is not warranted here.

**IV.  ORDER**

9      For the reasons set forth above, Plaintiff's Motion to
10 Remand (ECF No. 5) is DENIED.
11     IT IS SO ORDERED.
12 Dated: December 23, 2025

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE